UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>JASMARIE LUNAS PAGAN,<br>JERALDO LUNAS PAGAN, and<br>KARY LUNAS | Case No. 3:26-cv-00104 |

## **VERIFIED PETITION TO PERPETUATE TESTIMONY**

### I.  INTRODUCTION

This is an action to perpetuate testimony about the death of Geraldo Lunas Campos, a 55-year-old Cuban immigrant, pursuant to Fed. R. Civ. P. 27(a)(1). Mr. Lunas Campos died on or about January 3, 2026 while in federal immigration custody, at Camp East Montana, in El Paso, Texas. According to an eyewitness to Mr. Lunas Campos's death, guards at the facility choked him to death. Petitioners Jasmarie Lunas Pagain, Jeraldo Lunas Pagan, and Kary Lunas ("Petitioners") are Mr. Lunas Campos's surviving children. They will be filing a wrongful death and survival lawsuit in this District pursuant to federal law and Tex. Civ. Prac. & Rem. Code Ann. §§ 71.004, 71.021.

On January 17, 2026, the *Washington Post* reported that "[t]he Trump administration is seeking to deport two men who provided accounts of the Jan. 3 death of Geraldo Lunas Campos at a Texas detention camp that differed from the Department of Homeland Security's description of the incident."[1] Petitioners hereby seek an order pursuant to Fed. R. Civ. P. 27(a)(1) to perpetuate the testimony of these two witnesses—Santos Jesus Flores and Antonio Ascon Frometa—before the federal government makes them unavailable by removing them from this country.

---

[1] Douglas MacMillan, "DHS seeking to deport two men who said fellow ICE detainee was killed," WASH. POST, Jan. 16, 2026, https://www.washingtonpost.com/immigration/2026/01/17/detainee-death-witnesses-deported-dhsa/ (accessed Jan. 17, 2026).

As good cause for this Petition, through undersigned counsel, Petitioners state as follows:

## II.     JURISDICTION AND VENUE

1. This Court has federal-question jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 and Fed. R. Civ. P. 27(a)(1), subject-matter jurisdiction over Petitioners' anticipated claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction for state law claims).

2. Venue is proper in this District because the acts or omissions that form the basis for Petitioner's anticipated litigation occurred within this district. Moreover, most of the anticipated adverse parties and/or their relevant agents reside in this District. Accordingly, this Court is the proper venue.

## III.    RULE 27 ALLEGATIONS

3. Petitioners meet all five of the requirements for a Rule 27(a)(1) petition set forth in Fed. R. Civ. P. 27(a)(1)(A)-(E).

4. **With respect to subsection (A)**, Petitioners expect to be parties to an action cognizable in a United States court but cannot presently bring it or cause it to be brought.

5. Petitioners are wrongful death beneficiaries of Mr. Lunas Campos pursuant to Tex. Civ. Prac. & Rem. Code § 71.004. Petitioners also appear to be heirs of Mr. Lunas Campos pursuant to Texas law and Tex. Civ. Prac. & Rem. Code § 71.021.

6. On or about January 3, 2026, Mr. Lunas Campos was detained in the custody of the Department of Homeland Security ("DHS"). DHS was holding him at the Camp East Montana facility located in El Paso, Texas. DHS contracts with private companies to run Camp East Montana, including Acquisition Logistics, LLC, which appears to oversee operations, and Akima Global Services, LLC, which employs the facility's guards.

7. U.S. Immigrations and Customs Enforcement ("ICE"), a sub-agency of DHS, announced that Mr. Geraldo Lunas Campos died on January 3, 2026 at Camp East Montana.

8. An employee of the El Paso County Office of the Medical Examiner told Petitioners that, subject to results of a toxicology report, the office is likely to classify Mr. Lunas Campos's death as a homicide. The employee told Petitioners that the Office's doctor was listing the preliminary cause of death as asphyxia due to neck and chest compression—meaning that Mr. Lunas Campos did not get enough oxygen because of pressure on his neck and chest.

9. Santos Jesus Flores was also detained at the Camp East Montana facility on January 3, 2026. He told the *Washington Post* that, on January 3, 2026, he witnessed guards choking Mr. Lunas Campos and heard Mr. Lunas Campos repeatedly saying, "No puedo respirar," meaning "I cannot breathe" in Spanish. Mr. Flores stated that, after hearing Mr. Lunas Campos say he could not breathe, he could no longer hear his voice.

10. According to reporting, five days after Mr. Flores witnessed Lunas Campos's death, an immigration judge ordered Mr. Flores to be removed. The same day he shared his account with the *Washington Post*, DHS offered Mr. Flores to be removed to Mexico, but he declined based on fears of being deported there.

11. Antonio Ascon Frometa was also detained at Camp East Montana on January 3, 2026. He told the *Washington Post* that he saw Mr. Lunas Campos struggling with guards prior to his death.

12. According to reporting, Mr. Frometa was served with a notice of removal to Mexico on January 16—three days after the *Washington Post* interviewed him about Mr. Lunas Campos's death.

13. The timing of DHS's actions to remove Mr. Flores and Mr. Frometa in relation to Mr.

Lunas Campos's death, and them speaking to the *Washington Post,* raises the inference that the federal government is attempting to make them unavailable as witnesses in Petitioners' anticipated lawsuit.

14. Petitioners reside in the State of New York. Many, if not all, of the guards and other staff working at Camp East Montana—who Petitioners anticipate naming as defendants in their anticipated lawsuit—reside in El Paso and/or the Western District of Texas.

15. Based on evidence gathered to date, Petitioners anticipate that they may bring claims against the United States of America pursuant to the Federal Tort Claims Act (FTCA), and against Acquisition Logistics, LLC, Akima Global Services, LLC, and Alaska Native Corporation, and their employees and agents, pursuant to diversity jurisdiction and supplemental jurisdiction. They anticipate bringing, at a minimum, wrongful death and survival actions for negligence, battery, and assault. Petitioners therefore expect to be parties to an action cognizable in a United States court.

16. Petitioners cannot presently bring the action because they must exhaust their administrative remedies prior to filing the FTCA claim in federal court. Furthermore, Petitioners are still in the process of conducting a pre-filing investigation. This investigation includes, but is not limited to, interviewing witnesses, identifying defendants and their employers, identifying the relationship between DHS, Acquisition Logistics, LLC and Akima Global Services, LLC Alaska Native Corporation, and any other companies involved in or contributing to Mr. Lunas Campos's death. This may require significant investigation of information through Freedom of Information Act (FOIA) once detainee death reviews are completed.

17. Should the Court deny the requested relief, Petitioners face a high likelihood of not being able to obtain the witness's testimony prior to them being removed from the United States.

18.     **With respect to subsection (B)**, the subject matter of the expected action is Mr. Lunas Campos's death that occurred while he was in federal immigration custody. Petitioners' interest is that they are his adult children and anticipate filing a lawsuit seeking justice and compensation for his death.

19.     **With respect to subsection (C)**, Petitioners seek the testimony of Mr. Flores and Mr. Frometa to establish the circumstances of Mr. Lunas Campos's death. Petitioners seek to elicit testimony that will bear on the following facts:

  i. The circumstances of Mr. Lunas Campos's death on January 3, 2026, including choking, restraints, and other uses of force by facility staff against him;

  ii. Mr. Lunas Campos's physical, emotional, psychological, and behavioral state on each day of his detention in Camp East Montana;

  iii. Any communications between Mr. Lunas Campos and fellow detained individuals, facility staff, and government officials from September 2025 to January 2026;

  iv. Actions taken or not taken by facility staff and government officials toward Mr. Lunas Campos from September 2025 to January 2026;

  v. Conditions of Mr. Lunas Campos's detention at Camp East Montana from September 2025 to January 2026; and

  vi. Actions taken or not taken by facility and/or government officials and employees regarding the provision of care to persons detained at Camp East Montana from September 2025 to January 2026.

20.     Both Mr. Flores and Mr. Frometa were at the same detention facility the day Mr. Lunas

Campos died and, as described above, witnessed the circumstances of his death. The proposed testimony that the guards killed Mr. Lunas Campos by choking him is directly relevant to Petitioners' anticipated claims in litigation. The proposed testimony supports Petitioners' claim for the anticipated defendants' liability for Mr. Lunas Campos's death. Petitioners seek to perpetuate this testimony before the federal government makes them unavailable by removing them to another country.[2]

21.     **With respect to subsection (D)**, the anticipated adverse parties include the United States of America, Acquisition Logistics, LLC, Akima Global Services, LLC, and Alaska Native Corporation, and their employees and agents. Based on the evidence gathered to date, Petitioners anticipate that the acts and omissions of officers, agents, or employees of the DHS and ICE may form the basis of some or all of Petitioners' FTCA claims. The addresses for Defendant United States are Office of the Principal Legal Advisor District Court Litigation Division 500 12th Street, SW, Mailstop 5900 Washington, DC 20536; U.S. Department of Homeland Security Office of the General Counsel 245 Murray Lane, SW, Mailstop 0485 Washington, DC 20528-0485; United States Attorney's Office Western District of Texas; 601 NW Loop 410, Suite 600, San Antonio, TX 78216.

22.     Based on the evidence gathered to date, Petitioners anticipate that the acts and omissions of officers, agents, or employees of Acquisition Logistics, LLC, Akima Global Services,

---

[2] *See, e.g.*, *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 n.3 (D.C. Cir. 1995) ("Several cases have stated that a potential deponent's plans to leave the country for a long period of time may be grounds for perpetuating testimony, presumably because the difficulties of serving process and conducting a deposition overseas create a risk of losing testimony.") (citing cases); *New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.*, 406 F. Supp. 3d 1049, 1068 n.7 (D.N.M. 2019) ("Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured and in danger of dying or there are geographical constraints.") (internal quotation marks and citation omitted).

LLC, and Alaska Native Corporation may form the basis of their diversity and supplemental jurisdiction state law claims. The guards, supervisors, and warden who caused Mr. Lunas Campos's death likely reside in or near El Paso, Texas, but their addresses are presently unknown to Petitioners. Acquisition Logistics, LLC is headquartered at 502 Branway Dr., Henrico, VA 23229. On information and belief, its executives, including owner Kenneth Wagner and Darrin Armentrout, reside in or near Virginia. On information and belief, Acquisition Logistics, LLC also has employees who are anticipated adverse parties located in El Paso, Texas.

23. Akima Global Services, LLC's current Texas Franchise Tax Public Information Report lists its Principal Place of Business at 909 W 9th Avenue, Anchorage, AK 99501 and its registered agent in Texas as CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201. Guards employed by Akima Global Services, LLC reside in or near El Paso, Texas. The location of its officers is presently unknown to Petitioners. Akima Global Services, LLC is wholly owned by an Alaska Native Corporation. The exact location or identity of the specific Alaska Native Corporation that owns Akima Global Services, LLC is presently unknown.

24. **With respect to subsection (E),** the names of the witnesses are Santos Jesus Flores and Antonio Ascon Frometa. As of January 20, 2026, ICE's detainee locator indicates that both men are detained at Camp East Montana, located at 6920 Digital Road, El Paso, Texas 79936.

25. The expected testimony of Mr. Flores is the following: On January 3, 2026, guards brought Mr. Lunas Campos to the segregation area of the facility in handcuffs and ankle shackles. Mr. Lunas Campos refused to enter the segregation cell, repeatedly telling guards that he needed his medication. After Mr. Lunas Campos resisted entering the cell, at least five guards physically struggled with him and pinned him down, and at least one guard applied a neck restraint, putting his arm around the neck of Mr. Lunas Campos. Mr. Lunas Campos repeatedly yelled, in Spanish,

"I can't breathe." Within approximately five minutes, Mr. Lunas Campos was no longer moving. After Mr. Lunas Campos stopped moving, guards removed his handcuffs and medical staff attempted to resuscitate him for approximately one hour. After approximately one hour, Mr. Lunas Campos's body was removed.

26. The expected testimony of Mr. Frometa is the following: On January 3, 2026, around 4 p.m., detention staff repeatedly refused Mr. Lunas Campos's requests for medication. Mr. Lunas Campos volunteered to be taken to a segregation unit if that would ensure that he could obtain access to his medication. Mr. Lunas Campos then engaged in a struggle with guards before his death.

27. Petitioners note that although the U.S. Department of Homeland Security's *Touhy* regulations, 6 C.F.R. § 5.41 *et seq.*, do not apply to actions in which federal agents or the federal government is a party, *see, e.g.*, *Watts v. Sec. & Exchange Comm'n*, 482 F.3d 501 (D.C. Cir. 2007), they have complied with these regulations for this pre-suit proceeding because it is styled as a miscellaneous action.

### IV.  RELIEF REQUESTED

28. Given the federal government's efforts to remove Santos Jesus Flores and Antonio Ascon Frometa from the United States, and their likely unavailability by the time Petitioners are able to initiate their anticipated federal action, Petitioners seeks to perpetuate the above-described testimony by way of pre-suit depositions, which will be critical to preserving their ability and opportunity to litigate their claims. Based on the foregoing, Petitioners respectfully requests the following relief:

   a. Within one day of receiving this petition, issue an Order allowing Petitioners to take the depositions of Santos Jesus Flores and Antonio Ascon Frometa to take

place by February 17, 2026[3], and requiring that DHS and/or Akima Global Services, LLC and/or Acquisition Logistics, LLC make these witnesses available for the depositions on or before that date;

b. Retain jurisdiction over this cause for the purpose of entering any necessary protective orders or adjudication of any disputes that may arise regarding any deponents; and

c. Grant any other relief as may be necessary and proper.

Date: January 20, 2026                    Respectfully Submitted

**BENOIT LEGAL, PLLC**
311 Montana Ave, Ste B,
El Paso, TX 79902
(915) 532-5544

*/s/ Christopher Benoit*
Christopher Benoit
Texas Bar No. 24068653
chris@coylefirm.com

and

**QURESHI LAW PC**
Omar G. Qureshi*
omar@qureshi.law
Will Horowitz*
will@qureshi.law
Max A. Schoening*
max@qureshi.law
700 Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (213) 600-6096
Fax: (213) 277-8989

* *Motion pro hac vice forthcoming*

**Attorneys for Petitioners**

---

[3] Petitioners require until this date to complete the required 21-day service on all potential defendants pursuant to Fed. R. Civ. P. 27(a)(2).

*Verified Petition to Perpetuate Testimony* - 9

**<u>Verification</u>**

I, Christopher Benoit, an adult resident of the State of Texas being of sound mind and constitution, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all allegations of fact in the foregoing Petition are true and correct to the best of my understanding.

*/s/ Christopher Benoit*
Christopher Benoit
