# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF JASMARIE LUNAS PAGAN, JERALDO LUNAS PAGAN, and KARY LUNAS | § § § | EP-26-CV-00104-DB |

## ORDER SETTING CONSOLIDATED HEARING ON PRELIMINARY INJUNCTION AND PETITION UNDER FEDERAL RULE OF CIVIL PROCEDURE 27

On this day, the Court considered the above captioned case. On January 20, 2026, Petitioners Jasmarie Lunas Pagan, Jeraldo Lunas Pagan, and Kary Lunas filed a "Verifed Petition to Perpetuate Testimony," ECF No. 1, seeking to perpetuate testimony pursuant to Federal Rule of Civil Procedure 27 of Santos Jesus Flores and Antonio Ascon Frometa surrounding the death of Geraldo Lunas Campos. The same day, Petitioners filed "Petitioners' Motion for Temporary Restraining Order Prohibiting the United States from Deporting Witnesses Prior to Adjudication of Petitioners' Fed. R. Civ. P. 27 Petition," ECF No. 2. On January 21, 2026, this Court issued a "Temporary Restraining Order," ECF No. 4, granting the TRO motion without notice. Pursuant to Rule 65(b)(3), if the temporary restraining order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters. Due to the time sensitive nature of the underlying case, the Court sets a consolidated hearing on these matters as outlined herein.

Accordingly, **IT IS HEREBY ORDERED** that the above entitled and numbered case is **SET** for a **CONOLIDATED HEARING ON PRELIMINARY INJUNCTION AND PETITION UNDER FEDERAL RULE OF CIVIL PROCEDURE 27** in District Courtroom, Room 722, on 7th Floor of the United States Courthouse, 525 Magoffin Ave, El Paso, Texas, on Tuesday, January 27, 2026, at 1:30 PM MDT. Counsel for all parties **SHALL APPEAR IN**

**PERSON** at the hearing and be prepared to submit evidence and arguments regarding whether the Court should convert the TRO into a preliminary injunction, and whether the Court should grant the verified petition. The Court will, however, consider motions by potentially adverse parties to extend the date of the hearing where such extension is necessary to provide them with an opportunity to appear and present evidence. *See* Fed. R. Civ. P. 65(b)(2).

**IT IS FURTHER ORDERED** Petitioners **SHALL** effectuate service[1] of the verified petition, motion for temporary restraining order, and the instant order on all anticipated adverse parties, including the United States of America, Acquisition Logistics, LLC, Akima Global Services, LLC, and Alaska Native Corporation, and **FILE** proof of service ahead of the hearing. Should proof of service not be filed, Petitioners should be prepared to detail, on the record, all efforts made.

**SIGNED** this **21st** day of **January 2026.**

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Unlike service of process requirements under Rules 4 and 5, Rule 65(a), governing preliminary injunctions and temporary restraining orders, "'does not require service of process,' but rather requires 'notice to the adverse party.'" *See Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.*, 80 F.4th 536, 542 (5th Cir. 2023) (citation omitted).