UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN THE MATTER OF JASMARIE LUNAS
PAGAN, JERALDO LUNAS PAGAN, AND
KARY LUNAS

Case No.: 3:26-cv-00104-DB

**DECLARATION OF CHRISTOPHER BENOIT IN SUPPORT OF PETITIONERS'
SUPPLEMENTAL SUBMISSION REGARDING PRELIMINARY INJUNCTION AND
AMENDED RULE 27 PETITION**

I, Christopher Benoit, declare:

1.      I am an attorney at Benoit Legal PLLC and co-counsel for petitioners Jasmarie

Lunas Pagan, Jeraldo Lunas Pagan, and Kary Lunas ("Petitioners") in the above-captioned

action. I am over the age of eighteen, of sound mind, and capable of making this declaration. I

have personal knowledge of the facts set forth herein and would and could competently testify

to them if called.

2.      On January 20, 2026, Petitioners filed a verified petition to perpetuate testimony

pursuant to Fed. R. Civ. P. 27(a)(1) (the "Rule 27 Petition"). *See* ECF No. 1.

3.      On January 20, 2026, Petitioners filed a motion for a temporary restraining order

prohibiting the United States from deporting witnesses prior to the adjudication of Petitioners'

Rule 27 Petition (the "TRO Motion"). *See* ECF No. 2.

4.      On January 21, 2026, the Court granted the TRO Motion and ordered that the

United States Department of Homeland Security, Immigration and Customs Enforcement, or

their assigns not remove or deport Santos Jesus Flores and Antonio Ascon Frometa from the

United States or transfer Santos Jesus Flores and Antonio Ascon Frometa to any facility outside the boundaries of the El Paso Division of the Western District of Texas (the "TRO Order"). *See* ECF No. 4. The TRO Order is set to expire on 3:03 pm on February 4, 2026 absent a further order from the Court or consent from Respondents to extend the relief granted in the TRO Order. *See id.*

5.      On January 21, 2026, the Court issued an order setting a consolidated hearing on a motion for preliminary injunction and the Rule 27 Petition to be heard on January 27, 2026 at 1:30 PM MDT (the "Scheduling Order"). *See* ECF No. 5. The Scheduling Order further ordered Petitioners to effectuate service of the Rule 27 Petition, TRO Motion, and Scheduling Order on all anticipated adverse parties and file proof of service ahead of the hearing. *See id.* The Scheduling Order noted that Petitioners need not effectuate service pursuant to Fed. R. Civ. P. 4 and 5 but rather give "notice to the adverse part[ies]." *See id.*

6.      Pursuant to the Scheduling Order, on January 21, 2026, counsel for Petitioners[1] served the Rule 27 Petition, TRO Motion, and Scheduling Order on Akima Global Services, LLC via email, sending the documents to email addresses publicly associated with Anne Donohue, Ashley Rorrer, Ian Bolden, and Steven Steinberg. On information and belief based on an investigation by the legal team, Anne Donohue is the vice president and general counsel of Akima Global Services, LLC; Ashley Rorrer is the vice president and associate general counsel of Akima Global Services, LLC; Ian Bolden is a senior director and corporate counsel at Akima Global Services, LLC; and Steven Steinberg is an attorney at Akima Global Services, LLC. In the body of the service email, counsel for Petitioners stated, "Please note that Hon. Briones has ordered that counsel for Akima Global Services, LLC appear for a hearing in person in his courtroom

---

[1] Will Horowitz, counsel for Petitioners, sent all the emails described in this declaration unless otherwise noted. I was copied on each of the emails and received each of them.

on **January 27, 2026 at 1:30 PM MDT** as further described in the attached Order." A true and correct copy of the email serving Akima Global Services, LLC with the Rule 27 Petition, TRO Motion, and Scheduling Order is attached hereto as **Exhibit 1**.[2]

7.      On January 22, 2026, Anne Donohue responded to the service email stating that "Akima Global Services, LLC acknowledges receipt of this correspondence . . ." Ms. Donohue's email signature identifies her as the general counsel of Akima Global Services, LLC. A true and correct copy of this correspondence is attached hereto as **Exhibit 2**.

8.      Pursuant to the Scheduling Order, on January 21, 2026, counsel for Petitioners served the Rule 27 Petition, TRO Motion, and Scheduling Order on Acquisition Logistics, LLC via email, sending the documents to email addresses publicly associated with Kenneth Wagner and Darrin Armentrout. On information and belief, Kenneth Wagner is the President and CEO of Acquisition Logistics, LLC and Darrin Armentrout is the COO of Acquisition Logistics, LLC. In the body of the service email, counsel for Petitioners stated, "Please note that Hon. Briones has ordered that counsel for Acquisition Logistics, LLC appear for a hearing in person in his courtroom on **January 27, 2026 at 1:30 PM MDT** as further described in the attached Order." A true and correct copy of the email serving Acquisition Logistics, LLC with the Rule 27 Petition, TRO Motion, and Scheduling Order is attached hereto as **Exhibit 3**.

9.      On January 22, 2026, Kenneth Wagner responded to the service email stating, "Email in reference to the matter of Jasmarie Lunas Pagan received." Mr. Wagner's email signature identifies him as the President of Acquisition Logistics, LLC. A true and correct copy of this correspondence is attached hereto as **Exhibit 4**.

10.      On January 20, 2026, I served the Rule 27 Petition and TRO Motion on the United

---

[2] For the privacy of these individuals, we have redacted any email address of a third party on all emails submitted as evidence here. The original is available if the Court desires.

States Attorney's Office for the Western District of Texas, sending the documents via email to Angelica Saenz, Priscilla Roldan, and Natashia Hines, all of whom have been designated by the U.S. Attorney for the Western District of Texas to accept service of process on his behalf.[3] A true and correct copy of this correspondence is attached hereto as **Exhibit 5**. On January 21, 2026, Ms. Saenz confirmed receipt of the documents. A true and correct copy of this correspondence is attached hereto as **Exhibit 6**.

11.     On January 21, 2026, counsel for Petitioners served the Scheduling Order on the United States Attorney's Office for the Western District of Texas, sending the documents via email to Ms. Saenz, copying Ms. Roldan and Ms. Hines. A true and correct copy of this correspondence is attached hereto as **Exhibit 7**. On January 21, 2026, Ms. Saenz confirmed receipt of the document. A true and correct copy of this correspondence is attached hereto as **Exhibit 8**.

12.     On January 22, 2026, counsel for Petitioners served the Rule 27 Petition, TRO Motion, and Scheduling Order on NANA Regional Corporation, Inc. via email, sending the documents to an email address publicly associated with Lindsey Holmes.[4] On information and belief, Ms. Holmes is the general counsel of NANA Regional Corporation, Inc. In the body of the service email, counsel for Petitioners stated, "Please note that Hon. Briones has ordered that counsel for all parties to appear for a hearing in person in his courtroom on **January 27, 2026 at 1:30 PM MDT** as further described in the attached Order." A true and correct copy of the email serving NANA Regional Corporation, Inc. with the Rule 27 Petition, TRO Motion, and Scheduling

---

[3] Amended Designation of Agents for Service of Process, July 26, 2025, https://www.txwd.uscourts.gov/wp-content/uploads/2023/07/Amended-Designation-of-Agents-for-Service-of-Process-1.pdf (accessed Jan. 25, 2026).
[4] After the filing of the Rule 27 Petition, Petitioners came to learn that NANA Regional Corporation, Inc. may be a potential Respondent as, on information and belief, Akima Global Services, LLC is a wholly owned subsidiary of NANA Regional Corporation, Inc. Because Petitioners inadvertently named "Alaska Native Corporation" in the Rule Petition instead of NANA Regional Corporation, Inc., Petitioners attempted to give notice to NANA Regional Corporation, Inc. as a potential Respondent in this action.

Order is attached hereto as **Exhibit 9**. As of the date and time of the filing of this declaration, Ms. Holmes has not responded to the service email.

13.     Even though the Scheduling Order explicitly noted that Fed. R. Civ. P. "Rule 65(a) . . . 'does not require service of process[,]'" in an abundance of caution, Petitioners have initiated service of process on the following potential interested parties: (i) U.S. Immigration and Customs Enforcement; (ii) Stephanie Rico, Civil Process Clerk for the Office of the United States Attorney for the Western District of Texas (in San Antonio, Texas); (iii) the Office of the Attorney General of the United States; (iv) the Office of the United States Attorney for the Western District of Texas (in El Paso, Texas); (v) Acquisition Logistics, LLC; and (vi) Akima Global Services, LLC (the "Potentially Interested Parties").

14.     On January 23, 2026—a Friday—counsel for Petitioners ordered rush service of process on all Potentially Interested Parties along with the summons for each Potentially Interested Party listed above.

15.     As of the date and time of the filing of this declaration, service of process has not been completed on any of the Potentially Interested Parties.

16.     On January 24, 2026, I traveled in person to ERO Camp East Montana, located at Fort Bliss, El Paso, Texas along with Charlotte Weiss, an attorney employed by the Texas Civil Rights Project.[5] I am fluent in Spanish and English and am competent to interview and translate documents between those two languages. During this visit, I met with each of the below persons in-person. I made clear in each meeting that I was an attorney representing children of Mr. Lunas Campos and that I was speaking to them solely as witnesses in this matter. I represented to each of them that any declarations signed by them would be used in this action.

---

[5] I am in possession of the A numbers for all witnesses described in this declaration. Those numbers have been omitted from this filing for privacy reasons.

17.    On January 24, 2026, I met in person with Santos Jesus Flores. In this meeting, he informed us of events described in a declaration signed on January 24, 2026. The declaration is a true and accurate translation of what Mr. Flores told us. The contents of the declaration were read to Mr. Flores in Spanish, his native language, before he signed the declaration certifying the truth of its contents. A true and correct copy of Mr. Flores's declaration is attached hereto as **Exhibit 10**.

18.    On January 24, 2026, I met in person with Henry Negrin Bolaño. He informed us of the events described in a declaration signed on January 24, 2026. The declaration is a true and accurate translation of what Mr. Negrin Bolaño told us. I read the contents of the declaration to Mr. Negrin Bolaño in Spanish, his native language, before he signed the declaration certifying the truth of its contents. A true and correct copy of Mr. Negrin Bolaño's declaration is attached hereto as **Exhibit 11**.

19.    On January 24, 2026, I met in person with Antonio Ascon Frometa. In this meeting, he informed us of events described in a declaration signed on January 24, 2026. The declaration is a true and accurate translation of what Mr. Ascon told us. The contents of the declaration were read to Mr. Ascon in Spanish, his native language, before he signed the declaration certifying the truth of its contents. A true and correct copy of Mr. Ascon's declaration is attached hereto as **Exhibit 12**.

20.    On January 24, 2026, I met in person with Jenrry Melendez. He informed us of the events described in a declaration signed on January 24, 2026. The declaration is a true and accurate translation of what Mr. Melendez told us. The contents of the declaration were read to Mr. Melendez in Spanish, his native language, before he signed the declaration certifying the truth of

its contents. A true and correct copy of Mr. Melendez's declaration is attached hereto as **Exhibit 13**.

21.    On January 24, 2026, I met in person with Mayron Pazpuerto at ERO Camp East Montana located at Fort Bliss, El Paso, Texas. He informed us of the events described in a declaration signed on January 24, 2026. The declaration is a true and accurate translation of what Mr. Pazpuerto told us. The contents of the declaration were read to Mr. Pazpuerto in Spanish, his native language, before he signed the declaration certifying the truth of its contents. A true and correct copy of Mr. Pazpuerto's declaration is attached hereto as **Exhibit 14**.

22.    In my conversations with the above individuals on January 24, 2026, Mr. Flores, Mr. Negrin Bolano, and Mr. Pazpuerto all represented that a person named "Coby," and/or Cobi Ardenis Nazareth was detained in the cell directly across the cell in which Mr. Lunas Campos died on January 3, 2026 and they believed he would have personally witnessed the circumstances of Mr. Lunas Campos's death.

23.    On January 21, 2026, the El Paso County Office of the Medical Examiner classified Mr. Lunas Campos's death as a homicide. The autopsy lists asphyxia due to neck and torso compression as the cause of death.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 26, 2026 in El Paso, Texas.

*/s/ Christopher Benoit*
Christopher Benoit

 Will Horowitz <will@qureshi.law>

---

## In The Matter of Jasmarie Lunas Pagan et al: Service of Documents

**Will Horowitz** <will@qureshi.law>                                         Wed, Jan 21, 2026 at 8:19 PM
To:                                                                                                    Max
Schoening <max@qureshi.law>, Omar Qureshi <omar@qureshi.law>, Chris Benoit <chris@coylefirm.com>

All -- attached for service please find conformed copies of the (i) Verified Petition to Perpetuate Testimony; (ii) Motion for Temporary Restraining Order; and (iii) Order Setting Consolidated Hearing on Preliminary Injunction and Petition under Federal Rule of Civil Procedure 27 filed by Petitioners Jasmarie Lunas Pagan, Jeraldo Lunas Pagan, and Kary Lunas in *In the Matter of Jasmarie Lunas Pagan, Jeraldo Lunas Pagan, and Kary Lunas*, Case No. 3:26-cv-00104-DB.

Please note that Hon. Briones has ordered that counsel for Akima Global Services, LLC appear for a hearing in person in his courtroom on **January 27, 2026 at 1:30 PM MDT** as further described in the attached Order.

Please confirm receipt.

Best,
Will

--
Will Horowitz
Trial Lawyer
(he/him/his)
QURESHI LAW
700 Flower Street, Suite 1000
Los Angeles, California 90017
**Phone**: (213) 600-6096
**Direct**: (917) 715-8586
**Fax**: (213) 277-8989

---

**3 attachments**

 **5 - Order Setting Consolidated Hearing - Prelim Injuction and Pet Under FRCP 27.pdf**
181K

**2 - Motion for TRO.pdf**
366K

 **1 - Verified Petition to Perpetuate Testimony.pdf**
267K

    Will Horowitz <will@qureshi.law>

## In The Matter of Jasmarie Lunas Pagan et al: Service of Documents

**Donohue, Anne** <Anne.Donohue@akima.com>                Thu, Jan 22, 2026 at 4:11 AM
To: Will Horowitz <will@qureshi.law>, ███████████████
███████████████████ Max Schoening <max@qureshi.law>, Omar Qureshi <omar@qureshi.law>, Chris Benoit
<chris@coylefirm.com>

Mr. Horowitz:


Akima Global Services, LLC acknowledges receipt of this correspondence as well as the preservation order that your firm
transmitted on Sunday, 18 January.


Sincerely,

Anne Donohue



**Anne M. Donohue** | General Counsel

Akima  |  2553 Dulles View Drive, Ste. 700, Herndon, VA 20171

Cell: 202.702.4844 | ████████████████

Confidentiality Notice   The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential
and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by
persons or entities other than the intended recipient is prohibited   If you received this in error, please contact the sender and delete the material from
any computer.


---

**From:** Will Horowitz <will@qureshi.law>
**Sent:** Wednesday, January 21, 2026 11:20 PM
████████████████████████████████████████████████████

**Subject:** In The Matter of Jasmarie Lunas Pagan et al: Service of Documents

> You don't often get email from will@qureshi.law. Learn why this is important
>
> **WARNING: THIS EMAIL ORIGINATED FROM OUTSIDE OF THE ORGANIZATION.**
> Do not open attachments or click on links unless you recognize the sender and know the content
> is safe.

[Quoted text hidden]

**2**

 **Gmail**

<span style="color:gray">Will Horowitz &lt;will@qureshi.law&gt;</span>

---

## In The Matter of Jasmarie Lunas Pagan et al: Service of Documents

---

**Will Horowitz** &lt;will@qureshi.law&gt;                                      Wed, Jan 21, 2026 at 8:28 PM
To: ███████████████████████
Cc: Omar Qureshi &lt;omar@qureshi.law&gt;, Max Schoening &lt;max@qureshi.law&gt;, Chris Benoit &lt;chris@coylefirm.com&gt;

All -- attached for service please find conformed copies of the (i) Verified Petition to Perpetuate Testimony; (ii) Motion for Temporary Restraining Order; and (iii) Order Setting Consolidated Hearing on Preliminary Injunction and Petition under Federal Rule of Civil Procedure 27 filed by Petitioners Jasmarie Lunas Pagan, Jeraldo Lunas Pagan, and Kary Lunas in *In the Matter of Jasmarie Lunas Pagan, Jeraldo Lunas Pagan, and Kary Lunas*, Case No. 3:26-cv-00104-DB.

Please note that Hon. Briones has ordered that counsel for Acquisition Logistics, LLC appear for a hearing in person in his courtroom on **January 27, 2026 at 1:30 PM MDT** as further described in the attached Order.

Please confirm receipt.

Best,
Will

--
<span style="color:gray">Will Horowitz
Trial Lawyer
(he/him/his)</span>
<span style="color:#8B0000">QURESHI LAW</span>
<span style="color:gray">700 Flower Street, Suite 1000
Los Angeles, California 90017
**Phone**: (213) 600-6096
**Direct**: (917) 715-8586
**Fax**: (213) 277-8989</span>

---

**3 attachments**

 **5 - Order Setting Consolidated Hearing - Prelim Injuction and Pet Under FRCP 27.pdf**
181K

 **1 - Verified Petition to Perpetuate Testimony.pdf**
267K

 **2 - Motion for TRO.pdf**
366K



Will Horowitz <will@qureshi.law>

## In The Matter of Jasmarie Lunas Pagan et al: Service of Documents

**Kenneth Wagner** <kwagner@acq-log.com>                                    Thu, Jan 22, 2026 at 6:14 AM
To: Will Horowitz <will@qureshi.law>, Darrin Armentrout ███████████████████, Contact ███████████,

Cc: Omar Qureshi <omar@qureshi.law>, Max Schoening <max@qureshi.law>, Chris Benoit <chris@coylefirm.com>

Email in reference to the matter of Jasmarie Lunas Pagan received.


Ken Wagner

President

Acquisition Logistics

804-339-8787

Acquisition Logistics





---

**From:** Will Horowitz <will@qureshi.law>
**Sent:** Wednesday, January 21, 2026 11:28 PM ███████████████████████████

**Cc:** Omar Qureshi <omar@qureshi.law>; Max Schoening <max@qureshi.law>; Chris Benoit
<chris@coylefirm.com>
**Subject:** In The Matter of Jasmarie Lunas Pagan et al: Service of Documents


**NTS Email Protection**

**Warning:** Sender @will@qureshi.law has never sent any emails to your organization.
Please be careful before replying or clicking/downloading the attachment.
This could be a DocuSign related phishing attempt.

Report Phishing   Block as Spam   Mark as Safe

powered by Graphus®

[Quoted text hidden]

**4**

 Gmail

Will Horowitz <will@qureshi.law>

## TRO: In re Jasmarie Lunas Pagan et al

**Chris Benoit** <chris@coylefirm.com>                                          Tue, Jan 20, 2026 at 8:13 PM
To: "Saenz, Angelica (USATXW)" ▬▬▬▬▬▬▬  "Roldan, Priscilla (USATXW)" ▬▬▬▬▬▬▬,
"Hines, Natashia (USATXW)" ▬▬▬▬▬▬
Cc: Will Horowitz <will@qureshi.law>, Omar Qureshi <omar@qureshi.law>, Max Schoening <max@qureshi.law>, Aynimae
Dominguez <aynimae@coylefirm.com>

Counsel,

Please find the file-stamped copies of documents filed today.

[Quoted te t hidden]

---

**4 attachments**

 **2 - Motion for TRO.pdf**
366K

 **2-1 - Motion for TRO (Proposed Order).pdf**
366K

📄 **1 - VERIFIED PETITION TO PERPETUATE TESTIMONY.pdf**
267K

📄 **1-1 - CIVIL COVER SHEET.pdf**
577K

**5**

 **Gmail**

---

## TRO: In re Jasmarie Lunas Pagan et al

---

**Saenz, Angelica (USATXW)** ███████████████████               Wed, Jan 21, 2026 at 7:30 AM
To: Chris Benoit <chris@coylefirm.com>, "Roldan, Priscilla (USATXW)" ██████████████████, "Hines, Natashia
(USATXW)" ███████████████ >
Cc: Will Horowitz <will@qureshi.law>, Omar Qureshi <omar@qureshi.law>, Max Schoening <max@qureshi.law>, Aynimae
Dominguez <aynimae@coylefirm.com>

Chris,

Confirming receipt of the courtesy, file-stamped copies.  Thank you.

**Angelica A. Saenz**

Assistant United States Attorney

U.S. Attorney's Office | Western District of Texas

700 E. San Antonio Ave. Suite 200| El Paso, Texas 79901

(915) 534-3437 (desk)| (915) 243-3491 (mobile)

███████████████████████

[Quoted te t hidden]



## TRO: In re Jasmarie Lunas Pagan et al

**Will Horowitz** <will@qureshi.law>                                        Wed, Jan 21, 2026 at 4:19 PM
To: "Saenz, Angelica (USATXW)" ███████████████, "Roldan, Priscilla (USATXW)" ████████████████████ "Hines, Natashia (USATXW)" ███████████████, Omar Qureshi <omar@qureshi.law>, Max Schoening <max@qureshi.law>, Aynimae Dominguez <aynimae@coylefirm.com>

Cc: Chris Benoit <chris@coylefirm.com>,

Counsel -- please see attached.

Best,
Will

[Quoted te t hidden]

---

📄 **5 - Order Setting Consolidated Hearing - Prelim Injuction and Pet Under FRCP 27.pdf**
181K

**7**

 Gmail

Will Horowitz <will@qureshi.law>

---

## TRO: In re Jasmarie Lunas Pagan et al

**Saenz, Angelica (USATXW)** ████████████████████        Wed, Jan 21, 2026 at 4:24 PM
To: Will Horowitz <will@qureshi.law>
Cc: Chris Benoit <chris@coylefirm.com>, "Roldan, Priscilla (USATXW)" ████████████████, "Hines, Natashia
(USATXW)" ████████████████, Omar Qureshi <omar@qureshi.law>, Max Schoening <max@qureshi.law>,
Aynimae Dominguez <aynimae@coylefirm.com>

Received. Thank you.

---

**From:** Will Horowitz <will@qureshi.law>
**Sent:** Wednesday, January 21, 2026 5:19:07 PM
[Quoted te t hidden]

[Quoted te t hidden]

 Gmail                                          Will Horowitz <will@qureshi.law>

---

## In The Matter of Jasmarie Lunas Pagan et al: Service of Documents

**Will Horowitz** <will@qureshi.law>                          Thu, Jan 22, 2026 at 10:47 AM
To:███████████████
Cc: Omar Qureshi <omar@qureshi.law>, Max Schoening <max@qureshi.law>, Chris Benoit <chris@coylefirm.com>

Ms. Holmes,

Attached for service please find conformed copies of the (i) Verified Petition to Perpetuate Testimony; (ii) Motion for Temporary Restraining Order; and (iii) Order Setting Consolidated Hearing on Preliminary Injunction and Petition under Federal Rule of Civil Procedure 27 filed by Petitioners Jasmarie Lunas Pagan, Jeraldo Lunas Pagan, and Kary Lunas in *In the Matter of Jasmarie Lunas Pagan, Jeraldo Lunas Pagan, and Kary Lunas*, Case No. 3:26-cv-00104-DB.

We understand that NANA Regional Corporation, Inc. may be an interested party to this proceeding. Please note that Hon. Briones has ordered that counsel for all parties to appear for a hearing in person in his courtroom on **January 27, 2026 at 1:30 PM MDT** as further described in the attached Order.

Please confirm receipt.

Best,
Will

--
Will Horowitz
Trial Lawyer
(he/him/his)
**QURESHI LAW**
700 Flower Street, Suite 1000
Los Angeles, California 90017
**Phone**: (213) 600-6096
**Direct**: (917) 715-8586
**Fax**: (213) 277-8989

---

**3 attachments**

 **5 - Order Setting Consolidated Hearing - Prelim Injuction and Pet Under FRCP 27.pdf**
181K

 **2 - Motion for TRO.pdf**
366K

 **1 - Verified Petition to Perpetuate Testimony.pdf**
267K

**9**

## DECLARATION OF SANTOS JESUS FLORES

I, Santos Jesus Flores, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I, Santos Jesus Flores, make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am currently detained at the Camp East Montana ICE Detention Center, located at Fort Bliss in El Paso, Texas. I have signed a Declaration on January 19, 2026.

3. Since then, on January 22, 2026, at approximately 6pm, I was in my dorm which is D2. Around twenty guards from the company Akima ran inside and three of them were in military uniforms. I saw three guards were part of the "DCT" team because that was on their shirt.

4. They took me and three other people out of D2 even though we had done nothing. These three persons in military uniforms hit my face against the wall. I still feel numb above my lips because of the hits.

5. I was taken to a cell and two Captains of the company Akima arrived to talk to me. They said that they saw what had happened in D2 and that they did not like what they saw from the guards who had hit us.

6. I asked them to take me to the medical area because of the hits that they made to me. No one took me to the medical area.

7. The guards took me back to D2 and a Lieutenant from the company Akima was there. He apologized to me for what had happened after he had seen the video. I was scared of these three guards in military uniforms and I continue to be scared of these three guards.

8. I continue to be scared that they are going to take action against me.

9. Everything in this declaration is true and correct to the best of my knowledge and recollection. This declaration was read back to me in Spanish, a language in which I am fluent.

Executed on the _24_ th of _enero_____ , 2026 in El Paso, Texas.

10

Signature:

## DECLARATION OF HENRY NEGRIN BOLANO

I, Henry Negrin Bolano, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I, Henry Negrin Bolano, make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. My name is Henry Negrin Bolano. I am 33 years old and from Cuba.

3. I am currently detained at the Camp East Montana ICE Detention Center, located at Fort Bliss in El Paso, Texas. I have been detained at this facility since on or about August 5, 2025.

4. Before I was detained by ICE, I lived in Miami, Florida.

5. I am a witness for Geraldo Lunas Campos's death on January 3, 2026.

6. On January 3, 2026, Geraldo and I were both in "SHU," Camp East Montana's segregation unit.

7. I had been in "SHU" since December 23, 2025.

8. On January 3, 2026, I was in Cell 3. Geraldo was in Cell 8. I could not see the incident directly, but the cells in SHU are very small and not well insulated, so I could hear everything that was happening.

9. Around 10:30 pm, while medical staff was handing out medication in SHU, I overheard an altercation between a man I later learned was Geraldo and staff. Geraldo was asking for his medication.

10. I then heard a struggle ensue. Various guards were there with him. It sounded like the slamming of a person's body against the floor or the wall. I heard other detainees yell for help, and I heard Geraldo scream that he could not breath.

11. The yelling suddenly stopped, but I could hear people shuffling in and out of the "SHU" tent. I could also hear guards calling for help on their radios. I saw officials and nurses rush in and out of "SHU."

12. I could hear them trying to revive him with the machine but they could not keep him alive.

13. In the days following the incident, I personally saw staff and guards pull detainees for interviews about Geraldo's death. At this time, they have not asked me for my interview.

11

14. The person who could see what was happening from the cell was a person named Coby. He had a cell where he could personally see what happened when Geraldo died.

15. I left the SHU around January 12, 2026. I have been in the D2 unit since January 12, 2026 to the present day.

16. Everything in this declaration is true and correct to the best of my knowledge and recollection. This declaration was read back to me in Spanish, a language in which I am fluent.

Executed on the _24_ th of _Enero_ , 2026 in El Paso, Texas.

Signature: _____

## SUPPLEMENTAL DECLARATION OF ANTONIO FROMETA ASCON

I, Antonio Frometa Ascon, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I, Antonio Frometa Ascon, make this declaration based on my own personal knowledge and if called to testify, I could and would do so competently and truthfully to these matters.

2. My name is Antonio Frometa Ascon. I am from Cuba.

3. I am currently detained at the Camp East Montana ICE Detention Center, located at Fort Bliss in El Paso, Texas. I have been detained at this facility since on or about September 2025. I am currently living in the D2 unit.

4. I make this supplemental declaration after the declaration I made on January 19, 2026.

5. After January 19, 2026, the doctors stopped giving me medicine for my ear. This medicine was to lessen the pain I have in my ear. Because I don't have my medicine, I'm now experiencing pain in my ear.

6. On January 22, 2026, one of the guards put his fingers in my nose and he pushed me towards the bed. This was the first time that the guards ever touched me and did this.

7. On January 22, 2026, I received the package with my habeas corpus paperwork. My wife sent the paperwork on January 10, 2026 and she tracked the package. The package arrived on January 14, 2026 but I didn't receive it until January 22, 2026.

8. Before everything happened with Geraldo, my wife sent me clothes and tracked the package. The day after my wife said the package arrived, the guards told me that I had a package.

9. I can't sleep here because I'm so scared. I am afraid that I am going to be attacked by the guards. If they've done this to Geraldo, they can do the same to me. I am a witness because I want justice and for the truth to be told.

10. Everything in this declaration is true and correct to the best of my knowledge and recollection. This declaration was read back to me in Spanish, a language in which I am fluent.

Executed on the 24 th of _Enero_, 2026 in El Paso, Texas.

Signature: _____

12

## DECLARATION OF JENRRY MELENDEZ

I, Jenrry Melendez, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I, Jenrry Melendez, make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am currently detained at the Camp East Montana ICE Detention Center, located at Fort Bliss in El Paso, Texas in Unit D7. I have been detained at this facility since on or about August 17, 2025. Prior to being detained, I lived in Florida for about four years with my spouse and children.

3. I signed a removal order on November 14, 2025 but I am still in the facility.

4. On or around January 3, 2026, I was "SHU," which is solitary confinement. I was in Cell 24. Geraldo was in Cell 6 or Cell 8.

5. On or around 11:00 PM, I heard Geraldo come into the solitary confinement area. I heard the guards place him in a cell. The guards took off his handcuffs and Geraldo said "Dame mi medicina." This means "Give me my medicine." At that moment, there was a guard with a nurse and Geraldo again said, "Give me my medicine." The guard said "Callate, o si no, te vamos a desmayar." This means "Shut up or we're going to make you faint." Geraldo again told the guards to give him his medicine. Then a guard said, "Callate, o si no, te vamos a amarrar." This means, "Shut up or we're going to handcuff you." These are the words that I heard from my cell. Geraldo and the guards were speaking loudly.

6. Then, the officials forced Geraldo and I heard them putting the handcuffs back on him. I heard the scraping of the shoes and the clanking of the metal. I heard this for around 3-5 minutes. The last thing that I heard was Geraldo say in a voice that sounded like he couldn't breathe. He said, "Suelteme, me estan asfixiando." This means, "Let go of me. They're asphyxiating me." Then, there was silence.

7. I heard the guards called out on their radios for the nurses. I heard many nurses arrive and they used the machine to try to resuscitate Geraldo but it didn't work. I could hear the machine make a long, constant beep like his heart was not reacting. Then, the guards called the ambulance. We heard the sirens of the ambulance and saw the flashing of the lights.

13

8.  On January 4, 2026, other detained individuals in the SHU were calling their family members to ask if they had heard anything about someone dying at Camp East Montana and that's how I learned that it was Geraldo who I had heard die the day before.

9.  About 5 days ago, Mayron and I were in D7 and we spoke by tablet with a journalist from Univision and I told the journalist that I was in the SHU with Geraldo when he died.

10. It's important for individuals to know about this death so that justice can be done.

Everything in this declaration is true and correct to the best of my knowledge and recollection. This declaration was read back to me in Spanish, a language in which I am fluent.

Executed on the __24__ th of _____Enero_____, 2026 in El Paso, Texas.

Signature: ___Jenrry Melendez___

## DECLARATION OF MAYRON PAZPUERTO

I, Mayron Pazpuerto, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I, Mayron Pazpuerto, make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. My name is Mayron Pazpuerto. I am 38 years old and from Honduras.

3. I am currently detained at the Camp East Montana ICE Detention Center, located at Fort Bliss in El Paso, Texas. I have been detained at this facility since on or about September 29, 2025. Prior to being detained, I lived in North Carolina with family friends and worked in construction.

4. On or around December 20, 2025, I arrived to in "SHU," Camp East Montana's solitary confinement unit.

5. On or around January 3, 2026, I was in Cell 26. Geraldo was in Cell 8. The cells in "SHU" are small, and our walls are very thin. I could hear everything happening around me that night.

6. Between 10 and 11 p.m., I overheard an argument between Geraldo and the guards. I heard Geraldo ask for his medication. Geraldo had asthma and was most likely experiencing trouble breathing. Geraldo was not being disrespectful or threatening, he was simply exercising his rights.

7. The guards responded to Geraldo's request for medication in a very aggressive and threatening tone. At one point, one of the guards said, "si no te calmas, te vamos a desmayar." This means, "If you don't calm down, we're going to make you faint." Geraldo responded "no quiero problemas, solo quiero mi medicamento." This means "I don't want problems, I just want my medication." The arguing continued. A few minutes later, I heard what sounded like Geraldo being put in handcuffs and beaten. I am familiar with how these interactions look and sound because I have witnessed guards handcuff and beat other detainees in the past.

8. I eventually heard Geraldo cry out for help, he repeatedly said, "me estas asfixiando" and "no puedo respirar." This means, "They're asphyxiating me" and "I can't breathe." Shortly after, everything went silent. I heard the guards use their radios to call for help. Doctors

arrived approximately 30 minutes after they called for help, it was clearly too late. Everything is always delayed here.

9. I did not know the name of Geraldo on January 3, 2026 when I heard all of this happen. I learned his name on January 21, 2026 when I was in the exercise yard. I approached a Cuban detainee and told him that I heard the person in the SHU who died on January 3. This person then told me that the name of the person who I heard die on January 3, 2026 was Gerardo Lunas.

10. I am seeking asylum. I have a court hearing for this asylum claim on March 17, 2026. I don't know if they will deport me. I want to be able to give testimony about what I know of Geraldo before I am forced to leave.

11. I was released from SHU on January 20, 2026, and placed in unit D-7. Upon arriving in D-7, I met a Cuban detainee who knew about Geraldo's death and was in contact with a reporter. The Cuban detainee called the reporter on January 21, 2026 and invited me and three others to speak on the phone with her.

12. While we were in the middle of our call, approximately 50 anti-disturbance guards rushed to D-7. They immediately tried to break our small group up by force. A guard tackled one of my peers, and in response, I made my way toward both of them and attempted to break them up. As I did this, I was grabbed by two guards, they pulled my arms behind my back, handcuffed me, and took me back to SHU.

13. The guards allege that I punched one of them in the face, this is not true. They approached us while we were on the phone with a reporter, tackled my peers, and handcuffed me when I tried to break them away from him. I have not been told how long I will be in SHU because I refuse to sign documents that say I punched a guard in the face. I am not signing because I did not punch a guard. I continue to fear for my life.

Everything in this declaration is true and correct to the best of my knowledge and recollection. This declaration was read back to me in Spanish, a language in which I am fluent.

Executed on the _24_ th of _Enero_____, 2026 in El Paso, Texas.
Signature: _Mayron Paz Puerto_