## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

Case No.: 3:26-cv-00104-DB

IN THE MATTER OF JASMARIE LUNAS
PAGAN, JERALDO LUNAS PAGAN, AND
KARY LUNAS

## MEMORANDUM OF LAW AND EVIDENCE IN SUPPORT OF CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION AND GRANTING AMENDED RULE 27 PETITION

### I.    INTRODUCTION

On January 21, 2026, the Court granted Petitioners' motion for a temporary restraining order (TRO) to prohibit the federal government from deporting witnesses Santos Jesus Flores and Antonio Ascon Frometa until the adjudication of Petitioners' Rule 27 petition to depose those witnesses. *See* ECF No. 4. The same day, the Court set a hearing for January 27, 2026 to determine whether the Court should convert the TRO into a preliminary injunction and whether the Court should grant Petitioners' Rule 27 petition. *See* ECF No. 5. The Court ordered the parties to be prepared to submit evidence and argument on these issues at the hearing. *Id.* The Court further ordered Petitioners to effectuate service on anticipated adverse parties of the Rule 27 petition, motion for TRO,[1] and order setting the January 27 hearing, and to file the proof of service ahead of the hearing. *Id*.

In this filing, Petitioners submit proof that they effectuated service of the required documents on the anticipated adverse parties. *See* Declaration of Christopher Benoit ("Benoit Decl."), Exs. 1-9. Furthermore, Petitioners submit evidence and argument in support of converting

---

[1] The order specified that service of process was not required, but rather that "notice to the adverse party" was adequate. ECF 5.

the TRO to a preliminary injunction and granting the Rule 27 petition. This includes sworn declarations from witnesses Mr. Flores and Mr. Frometa as well as sworn declarations from additional percipient witnesses to the circumstances of Geraldo Lunas Campos's death that corroborate the relevance and importance of Mr. Flores's and Mr. Frometa's testimony. Petitioners reserve the right to present additional evidence and argument at the hearing.

## II.    ARGUMENT

### A. Petitioners Effectuated Service of The Required Documents on the Anticipated Adverse Parties.

As set forth in the concurrently filed Declaration of Christopher Benoit, Petitioners effectuated service on the potential adverse parties. *See* Benoit Decl., Exs. 1-9.

### B. The Court Should Convert the TRO to a Preliminary Injunction.

"After an adverse party has been given notice, the court may properly convert a motion for a temporary restraining order into a request for a preliminary injunction." *Confident Care Home Health Servs., Inc. v. Azar*, 2019 WL 3318135, at *2 (S.D. Tex. July 24, 2019) (citing *Esparza v. Board of Trustees*, 182 F.3d 915 (5th Cir. 1999)). Petitioners have now given notice to the potential adverse parties. *See* Benoit Decl., Exs. 1-9. As such, Petitioners' motion for a temporary restraining order is properly before the Court as a request for a preliminary injunction.

"The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order." *Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)). The standard requires a movant to show: (1) "a likelihood of success on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Benisek v. Lamone*, 585 U.S. 155, 158 (2018). This Court already found that Petitioners made a showing that met all four of these requirements when it granted their motion for a temporary restraining order. *See* ECF No. 4 at 1. Accordingly, the Court should convert the temporary restraining order into a preliminary injunction.

Furthermore, Petitioners submit herein additional evidence obtained since filing the request for a TRO that reinforces and strengthens the Court's finding that they have satisfied the requirements for injunctive relief.

*First*, on January 21, the El Paso County Office of the Medical Examiner classified Mr. Lunas Campos's death as a homicide. Benoit Declaration ¶ 23.[2] The autopsy lists asphyxia due to neck and torso compression as the cause of death. *Id.* This contradicts the federal government's public claims that Mr. Lunas Campos died during a struggle while attempting to commit suicide.

*Second*, Petitioners hereby submit sworn declarations from Santos Jesus Flores and Antonio Ascon Frometa, the two witnesses who were the subject of the original motion for a TRO and Rule 27 petition. *See* Declaration of Charlotte Weiss, Exs. 1-2; Benoit Decl., Exs. 10, 12. These sworn declarations confirm that they were percipient witnesses to the circumstances surrounding Mr. Lunas Campos's death and have crucial testimony for Petitioners legal claims against the anticipated adverse parties. Their declarations also confirm that these percipient witnesses face imminent deportation and have been subject to retaliation since giving statements.

*Third*, Petitioners hereby submit sworn declarations from three additional witnesses detailing their knowledge of the circumstances of Mr. Lunas Campos' death. *See* Benoit Decl., Exs. 11, 13, 14. Each of these three additional witnesses—Henry Negrin Bolaño, Jenrry Melendez, and Mayron Pazpuerto—were percipient witnesses to Mr. Lunas Campos's death. Their testimony is consistent with the testimony of Mr. Flores and Mr. Frometa in showing that Mr. Lunas Campos died as a result of homicide by guards. Accordingly, the corroborating accounts by these three additional witnesses reinforces the importance of obtaining Mr. Flores's and Mr. Frometa's testimony prior to their deportation.

In sum, the additional evidence strengthens the showing that Petitioners are likely to prevail on the merits of their Rule 27 petition because (i) taking Mr. Flores's and Mr. Frometa's depositions will "prevent a failure … of justice," Fed. R. Civ. P. 27(a)(3); (ii) in the absence of

---

[2] *See also* Pooja Salhotra, *Death of Cuban Detainee in El Paso ICE Facility Is Ruled a Homicide*, N.Y. Times, Jan. 21, 2026 https://www.nytimes.com/2026/01/21/us/el-paso-ice-detainee-homicide.html (accessed Jan. 25, 2026).

relief, Petitioners face an irreparable injury of being unable to obtain the crucial testimony from these witnesses about their father's homicide; (iii) the balance of the equities weigh in Petitioners' favor; and (iv) an injunction will serve the public interest by preventing a failure of justice for a homicide of Mr. Lunas Campos while in government custody.

**C. The Court Should Grant Petitioners' Rule 27 Petition.**

The Court should grant Petitioners' Rule 27 petition for the reasons set forth in the amended petition. Furthermore, the additional evidence submitted herein supports the conclusion that an order granting the Rule 27 petition will "prevent a failure … of justice," Fed. R. Civ. P. 27(a)(3), by ensuring Petitioners can obtain the testimony of crucial witnesses to the homicide of their father while in federal immigration custody.

### III.    CONCLUSION

For the foregoing reasons, this Court should convert its TRO to a preliminary injunction and grant Petitioners' Rule 27 petition.

Date: January 26, 2026          Respectfully Submitted

**BENOIT LEGAL PLLC**
311 Montana Ave, Ste B,
El Paso, TX 79902
(915) 532-5544

*/s/ Christopher Benoit*
Christopher Benoit
chris@coylefirm.com

**QURESHI LAW PC**
Will Horowitz*
will@qureshi.law
Max A. Schoening*
max@qureshi.law
700 Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (213) 600-6096
Fax: (213) 277-8989

* *Admitted pro hac vice*

*Attorneys for Petitioners*