UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN THE MATTER OF JASMARIE LUNAS PAGAN, JERALDO LUNAS PAGAN, AND KARY LUNAS

Case No.: 3:26-cv-00104-DB

**PETITIONERS' MOTION FOR A PRELIMINARY INJUNCTION TO PROHIBIT THE DEPORTATION OR REMOVAL OF WITNESSES NEGRIN BOLAÑO, MELENDEZ, PAZPUERTO, AND ARDENIS NAZARETH PRIOR TO ADJUDICATION OF PETITIONERS' AMENDED FED. R. CIV. P. 27 PETITION**

## I.    INTRODUCTION AND FACTUAL BACKGROUND

On January 20, 2026, Petitioners Jasmarie Lunas Pagain, Jeraldo Lunas Pagan, and Kary Lunas ("Petitioners") moved this court to issue a temporary restraining order to restrain the United States from removing two individuals presently detained by the United States—Santos Jesus Flores and Antonio Ascon Frometa—prior to full adjudication of Petitioners' petition to perpetuate testimony pursuant to Fed. R. Civ. P. 27(a)(1). *See* ECF No. 2. The basis of Petitioners' motion was that, according to information available at the time, Mr. Flores and Mr. Frometa witnessed the circumstances of the death of Geraldo Lunas Campos on January 3, 2026 while he was detained in Camp East Montana in El Paso, Texas. Petitioners, who are Mr. Lunas Campos's surviving children, sought to prevent these witnesses' removal from the United States to obtain their testimony for an anticipated wrongful death action to be filed in this District.

On January 21, 2026, the Court granted Petitioners' motion and issued an order prohibiting the United States Department of Homeland Security, Immigration and Customs Enforcement, or their assigns from removing or deporting Santos Jesus Flores and Antonio Ascon Frometa from the United

States or transferring Santos Jesus Flores and Antonio Ascon Frometa to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until further order of the Court or until this case is closed. *See* ECF No. 4 (the "TRO Order"). The Court set a hearing for January 27 to determine whether to convert the TRO to a preliminary injunction. *See* ECF No. 5.

Concurrently with the filing of this Motion, Petitioners are filing an Amended Verified Petition To Perpetuate Testimony seeking to perpetuate the testimony of four more witnesses in addition to Mr. Flores and Mr. Frometa—Henry Negrin Bolaño, Jenrry Melendez, Mayron Pazpuerto, and Cobi Ardenis Nazareth (the "Amended Rule 27 Petition"). As further described below, Mr. Negrin Bolaño, Mr. Melendez, Mr. Pazpuerto, and Mr. Ardenis Nazareth were all percipient witnesses to the death of Mr. Lunas Campos.

Petitioners hereby move the Court to issue a preliminary injunction prohibiting the United States Department of Homeland Security, Immigration and Customs Enforcement, or their assigns from removing or deporting Mr. Negrin Bolaño, Mr. Melendez, Mr. Pazpuerto, and Mr. Ardenis Nazareth from the United States or transferring them to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until further order of the Court or until this case is closed. Petitioners hereby incorporate the facts set forth in the contemporaneously filed Amended Rule 27 Petition. Petitioners request that this motion be heard on January 27, 2026 at 1:30pm, the same time as the consolidated hearing set in ECF No. 5.

## II.   JURISDICTION

Courts have regularly "enjoined deportations pending consideration of immigration habeas petitions" using both the All Writs Act and Fed. R. Civ. P. 65. *Santiago v. Noem,* 2025 WL 2606118, *2 (W.D. Tex. Sept 9, 2025) (collecting cases). The Court also may, in its inherent power, act to "preserve its ability to hear the case" even in the absence of a TRO. *Barros v. Noem,*

EP-25-CV-488-KC, [Doc. 4] (Oct. 22, 2025) (citing *U.S. v. United Mine Workers of Am.,* 330 U.S. 258, 293 (1947) and *Brownback v. King,* 592 U.S. 209, 218-19 (2021)) (ordering the Government to not transfer a habeas petitioner from the Western District of Texas or remove him until his habeas petition could be adjudicated).

Here, Petitioners seek to prevent the U.S. Government from removing witnesses prior to full adjudication of their concurrently filed Amended Rule 27 Petition. They have established in the Amended Rule 27 Petition that they have underlying claims which would have jurisdiction to be brought in this Court and venue pursuant to 28 U.S.C. § 1331; the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b); 28 U.S.C. § 1332; and 28 U.S.C. § 1367. Therefore, the Court has jurisdiction to grant the relief sought herein under Fed. R. Civ. P. 65, the Court's inherent power, or the All Writs Act.

### III.  REQUEST FOR TEMPORARY RESTRAINING ORDER

As stated in the initial TRO, a party seeking a TRO or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis.*, LLC, 710 F.3d 579, 582 (5th Cir. 2013). Here, just as with the initial TRO, each of these factors weighs in favor of the Court issuing an order prohibiting the deportation or removal of Mr. Negrin Bolaño, Mr. Melendez, Mr. Pazpuerto, and Mr. Ardenis Nazareth until the Amended Rule 27 Petition is adjudicated.

    a. *Likelihood of Success on the Merits*

Petitioners are likely to succeed on the merits of their Rule 27 Petition because they meet all the criteria set forth in Fed. R. Civ. P. 27(a)(1)(A)-(E). As more fully described in Petitioners' concurrently-filed Amended Rule 27 Petition, Petitioners (i) anticipate filing a wrongful death and survival action in this District against possible defendants Acquisition Logistics, LLC, Akima Global Services, LLC, the United States of America, and NANA Regional Corporation, Inc.; (ii) the anticipated action will concern the wrongful death of Mr. Lunas Campos, in which Petitioners have a substantial interest as the surviving children of Mr. Lunas Campos; (iii) with the anticipated testimony, Petitioners seek to establish the circumstances in which Mr. Lunas Campos died; (iv) the expected adverse parties include Acquisition Logistics, LLC, Akima Global Services, LLC, the United States of America, and NANA Regional Corporation, Inc.; and (v) Petitioners intend to obtain testimony from Mr. Negrin Bolaño, Mr. Melendez, Mr. Pazpuerto, and Mr. Ardenis Nazareth.

Moreover, Petitioners are likely to succeed on the merits of their Amended Rule 27 Petition because an order perpetuating the testimony may prevent a failure of justice. Fed. R. Civ. P. 27(a)(3) provides that, "[i]f satisfied that perpetuating the testimony may prevent a failure or a delay of justice, the court must issue an order" to perpetuate the testimony. Here, if Mr. Negrin Bolaño, Mr. Melendez, Mr. Pazpuerto, or Mr. Nazareth are deported before Petitioners can initiate their wrongful death action, they will be forever unable to obtain critical eyewitness testimony likely to elucidate the circumstances in which Mr. Lunas Campos died. Their perspective is critical to provide an independent view of what happened prior to and at the time of Mr. Lunas Campos' death. *See In re Bay Cnty. Middlegrounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir. 1999) (finding that preservation of "[e]vidence that throws a different, greater, or additional light on a key issue may well 'prevent a failure or delay of justice'").

Removal from the country is a substantial reason to grant a Rule 27 petition. *See, e.g., Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 n.3 (D.C. Cir. 1995) ("Several cases have stated that a potential deponent's plans to leave the country for a long period of time may be grounds for perpetuating testimony, presumably because the difficulties of serving process and conducting a deposition overseas create a risk of losing testimony.") (citing cases); *New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.*, 406 F. Supp. 3d 1049, 1068 n.7 (D.N.M. 2019) ("Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured and in danger of dying or there are geographical constraints.") (internal quotation marks and citation omitted).

The circumstances surrounding Mr. Negrin Bolaño, Mr. Melendez, Mr. Pazpuerto, and Mr. Ardenis Nazareth are similar to the matter considered by the District Court of New Mexico in *In the Matter of Joleen K. Youngers,* Case No. 22-mc-0030 KG, 2022 WL 16948763, *2-4 (Nov. 15, 2022). *See,* ECF No 2, p. 4-5. Indeed, in that case, the Court considered and granted relief to take the deposition of seven ICE detainees who had been released but were in various stages of seeking immigration relief and could face removal at any time. The court reasoned "[i]t is probable, though not guaranteed, that these seven deponents will be removed from the United States before discovery begins in an eventual lawsuit. It will be difficult, time-consuming, expensive, and potentially impossible to secure depositions from the deponents or secure their attendance at trial after removal." *Id.* at *4.

Here, Petitioners seek to perpetuate the targeted testimony of four additional individuals who are presently detained by the potentially adverse parties. As described in the Amended Rule 27 Petition, sworn declarations from the witnesses establish that these individuals have direct knowledge of the circumstances leading to the death of Mr. Lunas Campos. Each of the witnesses

5

is in removal proceedings and is at extreme risk of being deported in the coming weeks—much less the months that were discussed in the *Youngers* litigation.

As such, there is a high likelihood that Petitioners' Amended Rule 27 Petition will be granted.

      *b.  Threat of Immediate and Irreparable Harm*

The Court should grant Petitioners' request for a preliminary injunction because they face the threat of immediate and irreparable harm should the Court deny Petitioners' request. The threat is immediate because Mr. Negrin Bolaño, Mr. Melendez, Mr. Pazpuerto, and Mr. Nazareth are all in removal proceedings and could be deported at any moment. *See* Declaration of Christopher Benoit ("Benoit Decl."), Exs. 11, 13, 14. As described in the evidence attached to the Amended Rule 27 Petition, Mr. Melendez signed a removal order and could be deported at any time, Mr. Pazpuerto has a scheduled hearing on March 17, 2026, and Mr. Frometa was approached seeking to deport him to Mexico days after talking to a reporter.

In the same vein, deportation of witnesses for potential or ongoing actions has developed into a significant problem in the U.S. justice system in the past year. *See* Colleen DeGuzman, "As ICE Ramps Up Deportations, Texas Prosecutors Say They're Losing Key Witnesses in Criminal Cases," TEX. TRIB. (Dec. 22, 2025), https://www.texastribune.org/2025/12/22/texas-district-attorneys-deportation-witnesses-criminal-cases-immigrants/ (last accessed Jan. 20, 2026) (detailing, as an example, the Harris County District Attorney's intervention to convince ICE to take a critical witness off of a deportation plane because the witness was "the only living person that can tell the jury who this little girl was and be the voice that this little girl doesn't have.").

If DHS is successful in deporting these eyewitnesses before Petitioners can obtain their testimony, Petitioners would face irreparable harm. Petitioners likely would be unable to obtain

the testimony of these witnesses given, among other considerations, (i) the difficulty of locating them abroad; and (ii) the difficulty of effecting service in foreign jurisdictions, if they could be located.

    c. *The Balance of the Equities and Public Interest*

Many courts consider factors three and four together where, as here, the government is a respondent. *See, e.g., Misirbekov v. Venegas*, 793 F.Supp. 3d 892, 895 (S.D. Tex. 2025); *see also D.B.U. v. Trump*, 779 F.Supp.3d 1264, 1273 (D. Colo. 2025). Here, the balance of the equities and the public interest both strongly weigh in favor of the Court granting the preliminary injunction.

Should the Court grant the relief sought, Petitioners will be able to obtain what will likely be critical first-hand evidence in their anticipated wrongful death action in this District that they would not be able to ascertain otherwise. In a wrongful death case, percipient witness testimony concerning the circumstances of the death is plainly critical evidence. Should the Court deny the relief sought, Petitioners are likely to be unable to obtain this testimony, as DHS will deport the witnesses. Conversely, if the Court grants Petitioners' request, the anticipated defendants in the case will suffer little, if any, prejudice. All anticipated defendants will have the right to attend any deposition ordered by the Court.

Moreover, there is a compelling public interest in having cases—especially cases such as this one, that concern government abuse—adjudicated on their merits with the benefit of all available evidence. There is similarly a compelling public interest in preventing a potential defendant—especially when the defendant is the United States government—from attempting to suppress or destroy evidence of its wrongdoing in an effort to frustrate anticipated litigation. Both significant public interests militate in favor of the Court granting Petitioners' request.

The equities in this case are similar to those faced by the many courts that have entered injunctions preventing the government from transferring persons in immigration detention in the habeas context. *See, e.g., Alves v. U.S. Dep't of Justice,* Cause No. EP-25-CV-306-KC, 2025 WL 269763, * 5 (W.D. Tex. Sept 12, 2025). While the requested relief under Rule 27 differs, the need to restrain the government from deporting potential eyewitnesses in their custody before their testimony can be taken is similar to the need to restrain the government from deporting individuals challenging their detention before a court can fully address their rights under the habeas statute.

The equities weigh in favor of relief here.

    d.  *Notice to the Adverse Party*

Since filing the January 20, 2026 motion, counsel for Petitioners sent copies of their original Rule 27 Petition [ECF No. 1], the original Motion for TRO [ECF No. 2], and the Court's scheduling order [ECF No. 5] to the following individuals via email: (i) the U.S. Attorney Office agents for the Western District of Texas—El Paso Division, Angelica Saenz, Natashia Hines, and Priscilla Roldan; (ii) Anne Donohue, the general counsel of Akima Global Services, LLC; and (iii) Kenneth Wagner, the President of Acquisition Logistics, LLC. As described in the concurrently filed Declaration of Christopher Benoit, Ms. Saenz, Ms. Donohue, and Mr. Wagner all acknowledged receipt of the previous submissions that counsel for Petitioners transmitted to them by email. Furthermore, on January 22, 2026, counsel for Petitioners served the Rule 27 Petition, TRO Motion, and Scheduling Order on NANA Regional Corporation, Inc. via email, sending the documents to an email address publicly associated with Lindsey Holmes, who on information and belief is the general counsel of NANA regional corporation.

Within 20 minutes of filing this motion, Petitioners will email this Motion to the same contacts listed above by the same means referenced above. Petitioners will subsequently file proofs of service prior the January 27 hearing.[1]

## IV. IN THE ALTERNATIVE, REQUEST FOR ORDER SOUGHT UNDER THE COURT'S INHERENT AUTHORITY OR THE ALL WRITS ACT.

As stated above, in the event the Court does not grant relief pursuant to Fed. R. Civ. P. 65, Petitioners seek the same relief as stated above under the Court's inherent authority because it will ensure the Court's "ability to hear the [underlying] case." *Barro,* 3:25-cv-00488-KC [Doc. 4], p. 4. *See also Alves v. U.S. Dep't of Justice,* Cause No. EP-25-CV-306-KC, 2025 WL 269763, * 5 (W.D. Tex. Sept 12, 2025). The Court will not be able to adjudicate Petitioners' request to perpetuate the testimony of witnesses currently in detention if those individuals are removed from the country. Therefore, the same relief is appropriately granted under the Court's inherent authority.

Similarly, federal courts have the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A Court may apply this authority where there is some nexus between the relief sought and the relief sought in the underlying action. *See, e.g., Al Otro Lado et al v. Wolf et al.,* 952 F.3d 999, 1002 (9th Cir. 2020). Here, prohibiting the Government from removing these witnesses before the Court has an opportunity to adjudicate a request to perpetuate their testimony is directly linked to the ultimate request to perpetuate their unique eyewitness testimony for potential civil claims. Therefore, the relief sought is appropriate under the All Writs Act.

## V. RELIEF SOUGHT

---

[1] To the extent the Court deems this notice inadequate, Petitioners request that the Court treat this motion as a motion for a TRO.

For the foregoing reasons, Petitioners request that the Court enter an order that provides the following relief:

   a. A finding that Petitioners have satisfied the requirements for a preliminary injunction by demonstrating (1) a substantial likelihood of success on the merits of their claims for relief; (2) a substantial threat of in irreparable injury absent the injunction; (3) that the threatened injury outweighs any damage that injunction may cause the opposing party; and (4) that the injunction will not disserve public interest. *Lake Charles Diesel, Inc. v. General Motors Corp*, 328 F.3d 192, 195 (5th Cir. 2003); and

   b. An Order pursuant to Fed. R. Civ. P. 65, the All Writs Act, or the Court's inherent authority enjoining the United States Department of Homeland Security, Immigration and Customs Enforcement, or their assigns from removing or deporting Henry Negrin Bolaño, Jenrry Melendez, Mayron Pazpuerto, and Cobi Ardenis Nazareth from the United States or transferring them to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until further order of the Court or until this case is closed; or

   c. In the alternative, an Order pursuant to Fed. R. Civ. P. 65, the All Writs Act, or the Court's inherent authority requiring the United States Government and/or any department or subdivision thereof to provide thirty (30) days' notice to the undersigned counsel of any impending deportation of Henry Negrin Bolaño, Jenrry Melendez, Mayron Pazpuerto, or Cobi Ardenis Nazareth and, subject to the Court's ruling on the concurrently-filed Amended Rule 27 petition, facilitating their depositions prior to deportation.

| | |
|---|---|
| Date: January 26, 2026 | Respectfully Submitted |
| | **BENOIT LEGAL PLLC** |
| | 311 Montana Ave, Ste B, |
| | El Paso, TX 79902 |
| | (915) 532-5544 |
| | |
| | <u>*/s/ Christopher Benoit*</u> |
| | Christopher Benoit |
| | chris@coylefirm.com |
| | |
| | **QURESHI LAW PC** |
| | Will Horowitz* |
| | will@qureshi.law |
| | Max A. Schoening* |
| | max@qureshi.law |
| | 700 Flower Street, Suite 1000 |
| | Los Angeles, California 90017 |
| | Telephone: (213) 600-6096 |
| | Fax: (213) 277-8989 |

*Admitted pro hac vice*

### Verification

I, Christopher Benoit, an adult resident of the State of Texas being of sound mind and constitution, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all allegations of fact in the foregoing Petition are true and correct to the best of my understanding.

By <u>*/s/ Christopher Benoit*</u>
Christopher Benoit

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | |
|---|---|
| IN THE MATTER OF JASMARIE LUNAS PAGAN, JERALDO LUNAS PAGAN, AND KARY LUNAS | Case No.: 3:26-cv-00104-DB |

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

On this day, the Court considered Jasmarie Lunas Pagain, Jeraldo Lunas Pagan, and Kary Lunas ("Petitioners'") Motion for a Preliminary Injunction to Prohibit the Deportation or Removal of Witnesses Negrin Bolaño, Melendez, Pazpuerto, and Ardenis Nazareth Prior to Adjudication of Petitioners' Amended Fed. R. Civ. P. 27 Petition (the "PI Motion"). The Court finds that Petitioners have satisfied the requirements for preliminary injunctive relief by demonstrating (1) a substantial likelihood of success on the merits of their claims for relief; (2) a substantial threat of in irreparable injury absent the injunction; (3) that the threatened injury outweighs any damage that injunction may cause the opposing party; and (4) that the injunction will not disserve public interest. In order to ensure the ability to meaningfully adjudicate Petitioners' Rule 27 Petition, the Court finds that the PI Motion should be granted. To the extent a bond may be required under Federal Rule of Civil Procedure 65(c), that requirement is waived. Accordingly, the PI Motion is hereby **GRANTED**.

1

2

The Court **ORDERS** that Respondents **SHALL NOT** remove or cause Henry Negrin Bolaño, Jenrry Melendez, Mayron Pazpuerto, or Cobi Ardenis Nazareth to be removed from the United States until such time as Petitioners' Amended Rule 27 Petition can be adjudicated.

**SO ORDERED.**

**SIGNED** this ___ day of January, 2026.

_____
HON. DAVID BRIONES
U.S. SENIOR DISTRICT JUDGE

2